ANN C. CLARK, Respondent, v. ISABELLA F. SIMMONS and JAMES A. SIMMONS, Appellants, and Others.

*Foreclosure of a second mortgage covering land in New York and New Jersey — a sale ordered of land in New York already sold under a prior mortgage — a judgment for deficiency may be entered without selling the New Jersey lands.*

The holder of a second mortgage which covered lands, part of which was in the State of New York and part of which was in the State of New Jersey, obtained a judgment of foreclosure and sale directing the lands in each State to be sold, but before the sale, one of the defendants obtained an order modifying the judgment so as to exclude the lands in the State of New Jersey from the provisions of the judgment directing a sale. The judgment also provided that the mortgagee should have a judgment for any deficiency arising on the sale. The premises in the State of New York had already, prior to this time, been ·purchased by this second mortgagee upon a sale had under the foreclosure of a prior mortgage.

*Held,* that the provision of the judgment directing a sale of the lands in the State of New York, although they had already been sold under a prior mortgage, was not objectionable.*

That the mortgagee was not bound to sell the land in the State of New Jersey before he could obtain a judgment on the bond against the mortgagor for the deficiency arising on the sale of the New York property.

The provisions of the Revised Statutes and of section 1627 of the Code of Civil Procedure, relating to a judgment for a deficiency arising upon a sale, refers to such a sale as the courts in this State are authorized to order.

APPEAL by the defendants Isabella F. Simmons and James A. Simmons from an order of September 22, 1888, entered in Orange county, which amended a judgment of foreclosure and sale by adding at the end of the description of the premises adjudged to be sold the following words: " About one hundred and sixty acres of the premises herein firstly described are situated in New Jersey and cannot be included in the sale in this action," and further directed that the referee herein, exclude said lands in New Jersey from the sale under said judgment.

The appeal was also from an order of January 11, 1889, entered January 23, 1889, in the office of the clerk of the county of Orange, denying a motion to resettle said order of September 22, 1888.

*William N. Dykman,* for the appellants.

*Foster & Stephens,* for the respondent.

BARNARD, P. J.:

The plaintiff held a second mortgage on land partly in this State and partly in New Jersey. The judgment of foreclosure and sale in this action directed the land in both States to be sold. Before the sale the defendant Simmons applied at Special Term to have the judgment modified so as to exclude the sale of the New Jersey land. This order was made. The premises in the State of New York had then been sold under the first mortgage and been purchased by one Conkey.

Conkey owned the second mortgage. The defendant Simmons also asked at the Special Term, that the judgment be vacated because the judgment had become merged in the fee so acquired by Conkey. This part of the ruling was denied. The judgment in this action provided that the plaintiff recover a judgment for the deficiency

* See *Union Trust Company* v. *Olmsted* (102 N. Y., 729).—[REP.

after the sale of the New York land. This part of the judgment was consented to when the judgment was entered, and no motion was made to change the decree in this respect.

The condition on the second sale, that it should be subject to Conkey's rights acquired on the first sale, would manifestly convey a title subject to the payment of the amount due on the first mortgage. Conkey was the purchaser at the first sale and owned the second mortgage, and made the condition. No wrong was done and none intended. The entire bond was due on the second mortgage loan, and its reduction by a void sale did not injure those who were bound to pay the entire bond. The plaintiff was not bound to sell the land in New Jersey before obtaining a judgment for the deficiency on the bond. Under the old practice an action at law on the bond and a foreclosure in equity could go on together. (*Dunkley* v. *Van Buren*, 3 Johns. Ch., 330.)

The object of the Revised Statutes and of the Code, section 1627, was to have one remedy by providing a judgment for a deficiency after sale. This means a sale that the courts of this State can order. The bond given to the plaintiff could be sued after the second sale, without going through a foreclosure as to the land in New Jersey.

The order should, therefore, be affirmed, with costs and disbursements as of one appeal.

PRATT, J., concurred; DYKMAN, J., not sitting.

PRATT, J. :

We discover no irregularity in the proceedings of the plaintiff.

The second mortgage was at all times subordinate to the first mortgage and to the rights acquired under it. Had the sale been first made under the second mortgage, no irregularity would have been claimed; yet the final result would have been the same. In that case, the sale would have been made subject to the first mortgage. In the present case, the purchaser occupies the place of the first mortgagee and has succeeded to his rights. The sale under the second mortgage was made subject to such rights.

The practice was proper and the appellant cannot be allowed the relief demanded.

The several orders appealed from affirmed, with costs.