JAMES MORSE *et al. vs.* J. R. ROBERTSON, Defendant; Minister of the Interior, Garnishee.

ASSUMPSIT. APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, JULY 5, 1893.          DECISION, JULY 13, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Government owed defendant a balance due on a contract to build a bridge. The plaintiffs garnisheed the Minister of the Interior.

Held: That the said balance due the defendant could not be attached, and that defendant was not a Government beneficiary within the meaning of Chapter 50, Laws of 1890.

OPINION OF THE COURT, BY BICKERTON, J.

The plaintiffs sued the defendant in the District Court of Honolulu for $300.00 due them for work done by them on the Waimea bridge, Oahu, at the request of the defendant, who had a contract to build the same for the Hawaiian Government, alleging that defendant was an employee of the Interior Department of the Hawaiian Government, and that said Government was indebted to defendant for services rendered as such employee, whereupon a garnishee process was served on the Minister of the Interior. After hearing,

the district court gave judgment for the plaintiffs for $225.00 and costs, and also found that defendant was not a government beneficiary under the Act of 1890, and the garnishee was discharged.

The case now comes here on appeal from said district court on a point of law, viz., "whether or not the defendant is a government beneficiary under Chapter 50, Laws of 1890." There is no dispute as to the fact that the defendant had a contract to build the said bridge for the Hawaiian Government, and that there was still money due and owing to him by said Government on said contract. The question is, can this money be attached by defendant's creditors under the said Act?

Section 1 reads as follows:

Any officer or employee, or other person in the service of the Hawaiian Government, or in receipt of, or entitled to a salary, stipend, wages, annuity or pension from the said Government, or any department, board or bureau thereof, shall, for the purposes of this Act, and of any proceedings hereunder, be known and described as a government beneficiary, hereinafter denominated such beneficiary.

Section 2 reads as follows:

The salary, stipend, wages, annuity or pension of such beneficiary may be attached for, and applied in the payment of his debts, in the manner prescribed in this Act.

Section 1 defines who shall be considered a government beneficiary. It is clear that it only applies to an officer or employee, or one in the service of the Hawaiian Government who is in receipt of or entitled to a *salary, stipend, wages, annuity or pension.* It will be seen by Section 2 that only the money due such persons may be attached and applied to the payment of their debts under the Act. It confines the operation of the Act to the particular class of persons specifically named. It cannot reach beyond; it is limited. The Government cannot be garnisheed except as provided by statute. Wade on Attachment, Sections 346, 418, 454; *Wood vs. Elderton*, 2d Haw. 80. Question, can contractors be

brought within this limit?    We are of opinion that they can not.    How is it possible to make a balance due on a contract to build a bridge mean a *salary, stipend, wages, annuity or pension?*

"Salary" and "wages" are synonymous.    Both mean a sum of money periodically paid for services rendered.

"Pension.    A periodical allowance of money granted by a government for services rendered, in particular to a soldier or sailor in connection with a war or with military operation." See Anderson's Dictionary of Law.

"Annuity.    A periodical payment of money, amounting to a fixed sum in each year.    Stipend.    To pay by settled stipend or wages; put upon or provided with a stipend." See The Century Dictionary.

We are therefore of the opinion that the ruling of the lower court was correct and must be sustained.

The appeal is dismissed.

*A. Rosa,* for plaintiffs.

*Attorney-General W. O. Smith* and *J. A. Magoon,* for defendant and garnishee.