# H. W. JOSEPH, MICHAEL AND MORRIS HYMAN AND I. RUBINSTEIN, doing business as co-partners under the firm name of HYMAN BROS., *v.* SING WARN, defendant, and W. A. WHITING, garnishee.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED AUGUST 11, 1904.          DECIDED AUGUST 16, 1904.

### FREAR, C.J., HARTWELL AND HATCH, JJ.

GARNISHEE PROCESS.

A certificate of award on "claim of T. P. for S. W." is not the subject of garnishment in the hands of the attorney of S. W. in an action at law against S. W. The certificate if regarded as a judgment cannot be garnished as effects of the defendant, there being no statute providing for its sale on execution, and the common law not allowing a judgment to be levied and sold on execution. As a mere notice certifying to the award, its purchaser at an execution sale would acquire no right to the award.

The principal question presented by the plaintiffs' bill of exceptions is whether a certificate of award of the Fire Claims Commission is the subject of garnishment. The certificate reads as follows:

"Bill and Certificate of Award.

"Honolulu, June 17, 1902.

"Territory of Hawaii,
          "Fire Claims Commission.
                    "Claim of Tam Pong.
"for
     "Sing Warn.

"Special Appropriation: FIRE CLAIMS COMMISSION—AWARDS.
          "As Provided by Act 15, Session Laws 1901.

| CLAIM. | AMOUNT AWARDED. |
|---|---|
| "To damages for loss of property destroyed by orders of the BOARD OF HEALTH, or in consequence thereof in connection with the suppression of Bubonic Plague, A. D. 1899 and 1900 . . . . . . . . . . . . . . . . . . . . | $2,072 |

JUDGMENT AWARD NO. 5511.

"It is hereby certified that the above amount is the correct AWARD as per Record of Judgments.
                    "By order of the FIRE CLAIMS COMMISSION:
                              "J. M. RIGGS, Clerk."

The plaintiffs obtained judgment against the defendant Sing Warn mentioned in the foregoing certificate. The plaintiffs' counsel were not allowed to ask the garnishee the question "Do you know what this claim of Sing Warn's was for?" nor the question, "State whether or not Tam Pong obtained an award from the Fire Claims Commission in his own right?" The court sustained the defendant's objection to each of these objections on the ground that they were immaterial and irrelevant, to which ruling the plaintiffs excepted. The plaintiffs also

excepted to the ruling of the court that the garnishee had no money or property in his possession belonging to the defendant and therefore discharged the garnishee.

Robertson & Wilder for plaintiffs: The certificate is the property of Sing Warn. Tam Pong is described neither as her trustee nor agent. No one but Sing Warn can collect upon it at the disbursing bank. If this did not appear sufficiently on the face of the certificate we were entitled to show it by evidence *aliunde.* The statute providing for attachment of the "goods and effects" of a debtor cover every species of personal property; such as United States Government voucher. *Leighton v. Heagerty,* 21 Minn. 42. A promissory note, after maturity. *Somers v. Losey,* 48 Mich. 294. An order on a county treasurer. *Elser v. Rommel,* 98 Mich. 74. A draft. *Storm v. Cotzhhauser,* 38 Wis. 139; *Bank v. Wilson,* 74 Wis. 391. The reasoning that only property subject to execution at common law is covered by the ordinary garnishment statute, is unsatisfactory and unsound. The statute is remedial and should be liberally interpreted so as to include everything within the mischief sought to be remedied. For purposes of garnishment, every species of property should be held to satisfy the just claims of honest creditors. Sutherland, Stat. Con., Secs. 346, 348.

T. McCants Stewart for defendant: It is immaterial what the claim was for if the certificate belonged to the defendant. If it did not belong to her there could not be any further inquiry about it. The garnishee process is legal and not equitable in its nature. 14 Am. & Eng. Enc. Law, 761. The garnishee must be liable in an action at law brought against him by the defendant. *Webster v. Steele,* 75 Ill. 544; *Getchell v. Chase,* 37 N. H. 109; *Cheaply v. Brewer,* 7 Mass. 261. Defendant could not bring replevin against the garnishee for this certificate; Tam Pong would have to receipt for the money payable under it, and on its face he is shown to be the principal party interested in it. In *Ah Sue v. Chu Kee,* 6 Haw. 623, the garnishee was discharged on the ground of no privity between him and defendant. In *Hackfeld v. Lee Loy,* 4 Haw. 487, it was held that there must

be unincumbered cash on hand, or the garnishee is entitled to his discharge. This principle requires that the garnishee should hold property involving no legal or equitable claim by third parties.

### OPINION OF THE COURT BY HARTWELL, J.

The claim which was adjudicated by the fire claims commission was that of the defendant Sing Warn, and not of Tam Pong, and the award which was made by the commission is in favor of Sing Warn, for whom Tam Pong presented the claim, which was represented before the commission by her attorney, W. A. Whiting, as shown by the testimony in this case.

The certificate is claimed by the plaintiffs to be subject to garnishment, not as a debt but as "effects." If the debt of which the certificate may be deemed to be evidence were intended to be garnished, there would be the difficulty that no statute authorizes the issuing of a garnishee process against the Territory, unless in claims against government beneficiaries. *Morse v. Robertson,* 9 Haw. 196.

If a judgment can be levied upon and sold on execution, there is no reason why the plaintiffs should not now take out execution on the judgment certified by this certificate.

It is equally true, that if this certificate is to be treated as in the nature of a judgment, and also is to be classed as "effects" within the meaning of the statute upon garnishment, the plaintiffs are entitled in taking out execution against the defendant, to direct the officer serving the same to demand the certificate of Mr. Whiting, the attorney whose duty it would be to expose the same to be taken on execution. Sec. 1711, C. L. The statute concerning executions requires that

"Every levy by an officer, in pursuance of a writ of execution issued by any court or justice, shall be made by taking the property levied upon into his possession, care and guardianship, and in his option, by removal of the same to some place of security. The officer shall make an inventory of the property levied upon." Sec. 1470, C. L.

After advertising and selling to the highest bidder,

"The officer shall execute and deliver, to any purchaser at any such sale, such certificate or purchase, or conveyance, as may be necessary." Sec. 1474, C. L.

If the certificate is to be regarded as in the nature of a judgment, a counterpart of which is on the records of the fire claims commission, it can not be garnished as "effects" of the defendant, for there is no statute providing for the sale on execution of a judgment. At common law a judgment can not be levied upon and sold on execution. There would be no use in garnishing that which can not be disposed of according to law, for the benefit of the plaintiff.

If on the other hand the certificate is not itself a judgment, but is a mere notice certifying that an award of $2,072 has been made in favor of the claim of Sing Warn, its purchaser at a sale on execution would acquire no right to the money awarded, and no authority to demand and collect it, or enforce its payment to himself.

As the plaintiffs, having now obtained judgment against the defendant would, if the law permitted them to do so, proceed to levy execution on the award upon the order discharging the garnishee being confirmed, we will state the reasons why the law does not authorize a judgment to be levied upon, the same reasons applying to its garnishment as property or effects.

"The mode of levying upon a judgment, and of applying it towards the satisfaction of the writ, is a matter of some difficulty. That it is property is everywhere conceded. But though it is evidenced by some writing or matter of record, such writing or record is not the judgment, but only evidence thereof. It would be impossible to seize the judgment, for it is intangible, and it is improper to seize the evidence of it, for that should remain in the custody of some public officer. In this dilemma, the major portion of the courts considering the question have concluded that a judgment can not be levied upon nor sold, and can be subjected to garnishment only." Freeman on Executions, 3 Ed., p. 433.

"The statute manifestly contemplates a power in the garnishee to withhold the payment of the debt from his creditor upon

being served with the attachment, and a power of defending him-self against the claim of his creditor after payment under the attachment. It never could have been designed to subject him to the liability of twice paying the debt, or to deprive him, after paying the debt under the attachment, of a legal defence to the claim of his creditor. The whole design of the statute, in this respect, is to place the attaching creditors in the place of the original creditors of the garnishee. And hence the attachment is a good plea to an action for the recovery of the debt. But if the debt be attached after judgment, what protection has the garnishee against the judgment or the claim of the attaching creditor? His property is liable to immediate seizure and sale under the execution upon the judgment, while, at the same time, he is made liable for the amount of the judgment to the attach-ing creditor. If it be said that the court will exercise its con-trolling power to prevent such injustice, the answer is, that even when the judgment is in one of the courts of this state, the levy and sale may be made at a time when the court can not exercise its controlling power. And when the judgment is recovered in another state, we have no ground for assuming that the court will stay the execution of its process on account of an attach-ment issued here." *Shinn v. Zimmerman,* 23 N. J. L. 152.

There is no doubt that debts may be garnished by a service of summons upon the debtor. We think that this is the only mode authorized by our statute. A similar statute in Minnesota received the same construction.

"We do not interpret this statute as prescribing two different and dissimilar methods of effecting such a garnishment, either one of which may be pursued at pleasure. It does not provide that garnishment of a mere debt may be made *either* by pro-ceedings against the debtor and service of summons upon him, *or* by like proceedings against and service upon the creditor or his assignee, or any trustee to whom the creditor may have assumed to transfer his title. 　　*　　　*　　　*　　　*

"It is true, the general term 'property' may often embrace mere debts and choses in action. Whether, in a particular stat-ute, it is to be construed as having that broad meaning, or a more limited one, must be determined by the aid of the familiar rules relating to statutory construction. The word 'effects,' defining things which are subject to garnishment by service upon the person having such 'effects' in his possession or under his con-trol, is made by the statute to include bill of exchange, promis-

sory notes, drafts, bonds, certificates of deposit, bank notes, contracts for the payment of money, and other written evidence of indebtedness in the hands of the garnishee at the time of service upon him. It may be conceded that a garnishment of such 'effects' would reach all of the material objects above named which might be in the possession of the garnishee. But it will be observed that the things here defined to be 'effects' are all things of a material nature; and intangible legal obligations— debts—are not mentioned, while they *are* clearly designated in the prior sections as subjected to garnishment by service upon the debtor. It may be assumed, too, that a garnishment of the bills of exchange or other instruments, which in themselves express the obligation of the maker, by service upon the person having such instruments in his possession, would be effectual as a garnishment of the legal obligation of the maker or person whose obligation is thereby expressed. But that is not this case." *Ide v. Harwood,* 30 Minn. 194-195.

The Wisconsin and Michigan cases cited by plaintiffs' counsel are based upon statutes broader than our own. For instance, the Wisconsin statute provides that "from the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, *credits, and effects* in his possession or under his control, belonging to the defendant, or in which he shall be interested, to the extent of his right or interest therein, and of all debts due, or to become due, to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits, and effects held by a conveyance or title void as to creditors of the defendant, shall be embraced in such liability." *La Crosse Nat. Bank v. Wilson,* 74 Wis. 398.

Whether a creditor's bill would lie in this case would be an interesting question if it were before us. The question is discussed in 3 Freeman on Executions, Sec. 425. The undoubted hardship of a case like this suggests the importance of legislation upon the subject.

The exceptions are overruled and the case is remanded to the First Circuit Court.