ELLEN ALBERTINA POLYBLANK, OTHERWISE KNOWN AS SISTER ALBERTINA, TRUSTEE FOR STELLA KEOMAILANI COCKETT, AND STELLA K. COCKETT, SOLE BENEFICIARY UNDER SAID TRUST, *v.* DAVID KAWANANAKOA, JONAH KALANIANAOLE, ABIGAIL W. KAWANANAKOA, ELIZABETH K. KALANIANAOLE, AND THE GERMAN SAVINGS AND LOAN SOCIETY, A CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 4, 1905. . DECIDED OCTOBER 23, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MORTGAGE FORECLOSURE—*parties—deficiency judgment.*

> A suit to foreclose a mortgage may be brought against the mortgagors without joining a subsequent purchaser of a portion of the mortgaged premises, and a deficiency judgment against the mortgagors may be authorized without first foreclosing the interest of the subsequent purchaser when that subsequent purchaser is the Territory of Hawaii.

OPINION OF THE COURT BY WILDER, J.

This is an appeal from a decree of foreclosure and sale under a mortgage from D. Kawananakoa and J. Kalanianaole to Sister Albertina, trustee for Stella K. Cockett. The suit was brought by the mortgagee against the mortgagors and their wives, the German Savings & Loan Society, a junior mortgagee of a portion of the mortgaged premises, and the Territory of Hawaii, and later discontinued as

to the Territory. After the execution of the mortgage the mortgagors conveyed a portion of the mortgaged premises to S. M. Damon, who, in turn, conveyed it to the Territory. The decree authorized the entry of a deficiency judgment against the mortgagors in case the proceeds from a sale of the mortgaged premises should be found to be insufficient to pay the amount due.

The first claim of appellants is that the decree should be reversed because a purchaser, subsequent to the mortgage, of a portion of the mortgaged premises was not made a party to the suit. It is clear that, unless joined as a party, the rights of a subsequent purchaser cannot be affected or concluded by the decree. The mortgagors have no reason to complain because their interest in the mortgaged premises is foreclosed without joining the subsequent purchaser of a portion. It follows that the foreclosure is good as far as it goes. See *Childs v. Childs,* 10 O. St. 339; *Landon v. Townshend,* 112 N. Y. 93; 2 Jones on Mortgages, Sec. 1395; *Kay v. Whittaker,* 44 N. Y. 565; *Merriman v. Hyde,* 2 N. W. 218.

It is further claimed that no deficiency judgment should be entered against the mortgagors until all of the mortgaged premises are sold. All that the mortgagors can claim is that the mortgagee should foreclose on and have sold all of the mortgaged property that is possible, that is, that she should foreclose all that the law allows her to foreclose, before entering up a deficiency judgment. In this case all of the mortgaged property is to be sold except that part which is now held by the Territory. The interest of the Territory in that portion cannot be foreclosed and sold without joining the Territory as a party defendant, and that cannot be done. See Chapter 129 of the Revised Laws. The mortgagee has done all that she can, and it would be inequitable that she should suffer through no fault of her own, particularly when the mortgagors have received a substantial benefit by reason of the transfer.

*Clark v. Simmons,* 8 N. Y. Supp. 74, cited in 2 Jones, Mortgages, Sec. 1709 B, is in point. In that case it was held that

where a mortgage on land partly in New York and partly in another state was foreclosed in New York as to the land therein and that land was sold plaintiff could have a judgment for a deficiency without foreclosing as to the land in the other state as the New York courts could not order a sale of that land. The California cases cited by appellants on this question are not in point, as they are controlled by a statute which has no force in this Territory.

Appellants also claim that the decree, in describing the land to be sold, is erroneous in that it does not follow the description in the mortgage. The circuit judge found, as a matter of fact, against this contention. So far as appears on this appeal we cannot see that the circuit judge erred, and therefore this objection must be overruled.

The decree appealed from is affirmed.

*E. A. Douthitt* for plaintiffs.

*C. W. Ashford* for defendants.