## MILBOURN, Adm'r, v. BUZZARD.

No. 17385—Opnion Filed Nov. 16, 1926.

Rehearing Denied Jan. 18, 1927.

**1. Damages — Measure of Damages for Breach of Contract to Finance Flour Mill.**

Where B., a miller, enters into a contract with G., a banker and money lender, for the purpose of moving his flour mill from Racine, Mo., to Fairland, Okla., and G. agrees to furnish the money to pay off the incumbrances against the mill and pay for removing the mill and rebuilding it on the new site and to furnish the money to supply the mill with necessary grain to keep it in operation, and G. fulfills the agreement in all respects except to furnish the money to supply the grain, and B. brings suit for breach and damages, the measure of damages is the profit B. would have made from the products of the mill as contemplated by the contract.

**2. Same—Recovery Sustained.**

Record examined; held, sufficient to support judgment.

(Syllabus by Williams: C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by D. K. Buzzard against N. C. Gallemore, deceased, and revived in the name of J. Suel Milbourn, administrator, for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

J. G. Austin, for plaintiff in error.

George I. Shannon, for defendant in error.

Opinion by WILLIAMS, C. This action was first begun by D. K. Buzzard. as plaintiff, against N. C. Gallemore, defendant, for damages alleged to be owing for breach of contract, and for an accounting. The case was tried and judgment rendered in favor of plaintiff for $261.89 on account, and for damages in the sum of $4,000. Upon appeal the judgment on the accounting was affirmed, and the judgment for damages was reversed, being cause No. 12851 in the Supreme Court, the decision being reported in 98 Okla. 104, 224 Pac. 293. On the return of this cause to the district court, the cause of action on accounting being eliminated, the plaintiff filed his third amended petition. alleging, in substance, the following state of facts:

That he (plaintiff) is a miller and defendant is a banker and a money lender at Fairland, Okla.; that about February 1, 1914, and prior thereto, the plaintiff owned a grist mill near Racine, Mo., and a farm incumbered with mortgages; that about February 1, 1914, he and defendant entered into a contract for the purpose of moving the mill to Fairland; that by the terms of this agreement defendant was to furnish plaintiff a mill site at Fairland free; that defendant agreed to pay off and discharge the incumbrances on the mill and farm. and pay the expense of moving the same to Fairland and rebuilding it on the donated mill site; that defendant agreed to furnish money with which to keep plaintiff supplied with grain sufficient to operate, the money so advanced to be in the nature of a loan. Plaintiff was to sell the farm and turn the money over to the defendant for him to keep and account for in the operation of the mill, and for the purchase of grain for that purpose. The defendant in person and through the bank he controlled was to have the custody of all funds of the plaintiff to see that they were used in carrying out the terms of the contract.

Plaintiff alleges that he fully performed all his part of the agreement; moved his mill to Fairland, sold his farm, and turned the proceeds over to defendant; that defendant furnished the mill site as agreed, paid the indebtedness, and rebuilt the mill on the new site, but failed and refused to furnish plaintiff with sufficient grain, or money to buy grain, with which to operate the mill. The plaintiff, having mortgaged all of his property to defendant as security for the money expended by defendant in moving the business, and having turned over to defendant the proceeds of the sale of the farm, was without funds and unable to obtain funds from any other source with which to buy grain to operate the mill, and that by reason of defendant's failure to carry out his agreement to furnish plaintiff money to buy grain, the plaintiff could not operate the mill successfully and was only able to operate the mill one-fourth of the time, all to his damage in the sum of $12,700, and prayed judgment for that amount and costs.

Before the trial of this cause the defendant died, and the case revived in the name of the administrator. who having filed a general denial to the petition, the cause was tried to the court and jury, and judgment had in favor of plaintiff in the sum of $5,-

000 and costs. From this judgment the defendant has appealed to this court, arguing his numerous assignments of error under the following two general heads: First, the sufficiency of the pleadings to justify the action of the court thereunder; and second the sufficiency of the evidence to justify the instructions and rulings of the court and the verdict and judgment rendered.

We have carefully examined the pleadings in this case, and are of the opinion that they were sufficient to join the issues, and that the court did not commit error in overruling the several motions and demurrers leveled at the pleadings by the defendant. The defects in the pleadings in the former trial of this cause were pointed out by this court in the former appeal and complied with in the second trial of this cause.

A large portion of defendant's brief and argument goes to matters properly eliminated from the present case, those questions having been adjudicated by the former decision. Every question of law involved in this case was settled by the former decision. This court sustained the position of the plaintiff as to the validity of the contract and as to the liability of the defendant for a breach, and fixed the measure of damages for a breach of this particular contract, syllabus paragraph 4 of the decision being as follows:

"Where B., a miller, enters into a contract with G., a banker and money lender, for the purpose of moving his flour mill from Racine, Mo., to Fairland, Okla., and G. agrees to furnish the money to pay off the incumbrances against the mill and pay for removing the mill and rebuilding it on the new site, and to furnish the money to supply the mill with necessary grain to keep it in operation and G. fulfills the agreement in all respects except to furnish the money to supply the grain, and B. brings suit for breach and damages, the measure of damages is the profit B. would have made from the products of the mill as contemplated by the contract."

And in the body of the opinion, this court said:

"We cannot agree with defendant's application of the argument he makes and the authorities he cites to the facts in this case. The petition alleged that the defendant was to furnish money in paying off the incumbrances against the mill and for moving it from Racine to Fairland, and for supplying the grain to operate the mill, and the money was furnished for everything, according to the agreement, except for the necessary wheat for operating the mill. This point was the point of the plaintiff's advantage and gain in the whole transaction, and these profits were in contemplation of the contract,

and whatever damages resulted in a failure of the contract in this respect would be recoverable."

This brings us to a consideration of the only remaining question in the instant case, i. e., defendant's second proposition: "The sufficiency of the evidence to support the verdict."

Plaintiff testified that the capacity of the mill could reasonably be placed at 35 barrels per day; that each barrel of flour represents five bushels of wheat. With wheat selling on an average of $1 per bushel, as it did, flour would sell for $6 per barrel—a profit of $1 per barrel. At capacity the mill would grind 175 bushels per day; that to each bushel of wheat there is about 20 pounds of offal. worth on the average $1 per 100 lbs.; on a day's run the value of the offal is $35, which, added to the profit on the flour, makes the sum of $70 per day gross for the mill at capacity. Plaintiff in praying judgment only estimated his loss at $30 per day. Taking into consideration the amount he estimated it took to operate the mill, we believe he was duly conservative.

In passing on this proposition, we quote from that part of the opinion of this court in the former case by Threadgill. C., reversing and remanding the case, as follows:

"We think that the items of damages should have been set out more clearly in the petition and the proof confined to the items stated. We have examined the record to determine just what the evidence was as to the loss of the plaintiff in the matter of profits in not having wheat to keep the mill running, and we do not think the evidence sufficient to sustain the judgment for damages. The plaintiff did operate the mill a part of the time and according to his statement was building up a good trade. There is nothing definite as to the number of days he ran the mill. as to what amount of wheat he ground, and barrels of flour turned out. The capacity of the mill is given and the profit on the flour, shorts, and bran. but the failure is in not showing with reasonable certainty the approximate number of days to reach the capacity of the mill and the necessary amount of wheat to meet the demand. The testimony disclosed by the record is too indefinite on this point to sustain the judgment."

After a careful examination and review of the entire record, we find that the items of damages are clearly set out in the petition and the proof confined thereto; that the pleadings were regular and sufficient; that the instructions of the court embodied the law applicable to the facts. We believe the instant case was fairly tried in all respects and in compliance with the orders contained

in the former decision of this case, and there being sufficient competent evidence tending to support the judgment under the well-established rule of this court, the same is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. 865, §177. (2) 4 C. J. p. 1129, §3122.