FRED YUEN *v.* JOHN KIMIKAUA, WILLIAM PUA-
OI, GABRIEL LANI, WM. ENOKA, JOHN Y. KA-
HIKINA, ALBERT WILLIAM HORNER, ROBERT
PAUOLE AND DR. F. G. KRAUSS, CHAIRMAN,
NOBLE N. KAUHANE, MRS. PHOEBE H. AMOY
AND BRUCE R. McBRIDE, CONSTITUTING THE
HAWAIIAN HOMES COMMISSION.

No. 2437.

SUBMITTED SEPTEMBER 4, 1944.          DECIDED SEPTEMBER 29, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a creditor's bill to enforce the payment of debts
of the lessees of the Hawaiian Homes Commission out of
the net proceeds of sales of pineapples accrued and to ac-
crue to the debtor lessees and assigned by them to the
commission.

It appears from the allegations of the bill of complaint
that the lessees cultivated the land leased to them by the

commission to pineapples; that for the purpose of procuring financial aid, labor and equipment for the cultivation of their lands they had entered into planting contracts with pineapple canneries under the terms of which they agreed to plant the premises leased to them by the commission in whole or in part in pineapples and to sell to the pineapple canneries all pineapples to be cultivated and harvested by them thereon, the proceeds of sale remaining after deductions by the canneries of all advances and costs of physical assistance to be paid by the canneries to debtor lessees; that the debtor lessees have assigned all the net proceeds of sale of pineapples accrued and to accrue to them during the respective terms of the contracts to the commission; that the commission "has now in its possession or will acquire from time to time sums of money due and owing to said homesteaders [debtor lessees] over and above the amount owing to said commission," and it is these respective interests of the debtor lessees in the net proceeds of sales accrued and to accrue to them under their planting contracts that the petitioners seek to reach. The bill of complaint does not disclose the dates of the respective contracts between the debtor lessees and the pineapple canneries nor the terms or provisions thereof. Nor were any of said contracts offered or received in evidence. Hence we are not advised of their duration nor of the crops present or prospective that were or are subject thereto. Sufficient appears, however, from the bill construed in the light of facts of which we may take judicial notice to infer that the contracts between the debtor lessees and the pineapple canneries are referable at least to one plant and successive ratoon crops, the former of which has been or will be planted pursuant to contract.

The debtor lessees who were made parties respondent defaulted. The members of the commission alone appear. By its answer the commission put in issue all the material

allegations of the complaint and a hearing was had upon the bill and answer of the commission. Although the record is not clear upon the subject the commission apparently finally conceded the truth of the material allegations of the bill and contended (1) that a creditor's bill did not lie and (2) that if it did, the members of the commission as public officers of the Territory were immune from suit. The trial judge sustained both of the contentions of the commission and dismissed the bill. Petitioners appealed.

The Hawaiian Homes Commission is the creature of the Hawaiian Homes Commission Act of 1920.[1] The validity of the contracts between the debtor lessees and the pineapple companies and of the assignments by the debtor lessees of their respective interests in the net proceeds of sales accrued and to accrue to them thereunder is conceded by the attorney general.

In our opinion a creditor's bill lies to subject the net proceeds of sales of pineapples by the debtor lessees under their contracts with the pineapple canneries over and above the existing statutory liens now in the possession of the commission to the payment of the judgments of the petitioner against the debtor lessees. As to the jurisdiction of equity in a creditor's bill to subject any net proceeds of sales remaining in the possession of the canneries or to any proceeds to accrue from future sales to the satisfaction of petitioner's claim, we express no opinion. The canneries with which the debtor lessees had contracts of sale of pineapples were not made parties nor has the petitioner presented or discussed the remedy, if any he has, or may have, in relation thereto. The result of our con-

---

[1] Act of Congress of July 9, 1921, 42 Stat. pt. 1, c. 42, p. 108, as amended by Act of Congress of Feb. 3, 1923, 42 Stat. pt. 1, c. 56, p. 1221; Act of Congress of July 26, 1935, 49 Stat. pt. 1, c. 420, p. 504; Act of Congress of August 29, 1935, 49 Stat. pt. 1, c. 810, p. 966, and Act of Congress of July 10, 1937, 50 Stat. pt. 1, c. 482, p. 497.

clusions being to reverse the decree below and remand the cause for further proceedings consistent with this opinion, the questions of the extent to which a creditor's suit may operate upon these types of choses in action and whether the contracting canneries are necessary parties are more properly presented to and determined by the trial judge upon remand.

The Hawaiian Homes Commission, at the time of the execution of the respective assignments by the debtor lessees to it possessed the implied power to accept the same by way of security for statutory liens created by the Hawaiian Homes Commission Act of 1920. While the Act neither as originally enacted nor as substantially amended prior to suit contains any provision expressly conferring upon the commission the power to accept assignments of choses in action, from the general purposes and objects of the Act and the specific provisions of section 208, paragraph 6, and section 216 as amended, creating statutory liens for delinquent taxes owing by lessees and paid by the commission and for the amount of annual installments due and unpaid upon loans made by the commission to lessees upon the lessees' interest in the premises leased, including growing crops, and imposing upon the commission the duty to enforce such liens, such power may be reasonably implied. To accept assignments from the lessees by way of security for the payment of statutory liens would clearly be within the implied powers of the commission. General powers to accomplish purposes entrusted to public offices include all incidental powers fairly deducible from the end to be accomplished.[2] Where statutory liens exist assignments by lessees of net proceeds of sale of crops to be cultivated and harvested by the as-

[2] Commonwealth v. Picard, 296 Pa. 120, 145 Atl. 794; MacDougall v. Land Com'rs, 48 Wyo. 493; 49 P. (2d) 663; State ex rel. Bybee v. Hackmann, 276 Mo. 110, 207 S. W. 64.

signors upon the premises leased to them by the commission by way of security for the satisfaction of said liens are well within the implied powers of the commission to accept, and to the extent that net proceeds of sales of pineapples in the possession of the commission may exceed the aggregate of existing statutory liens, such excess is held by the commission as trustee for the assignors and is subject to sequestration by creditor's suit.[3] The debtor lessees are not government beneficiaries as that term is defined by law.[4] Any excess that may be in its possession belonging to them is not subject to garnishment.[5] The interests of the debtor lessees in the premises leased and improvements thereon under the provisions of section 208 (6) of the Hawaiian Homes Commission Act of 1920 as amended are exempt from attachment, levy or sale upon process at the instance of the petitioner. The petitioner, as far as we know, is remediless at law. The commission certainly has not indicated any legal remedy by which the unsatisfied judgments against the debtor lessees, of which the petitioner is the judgment creditor, may be otherwise satisfied. The bill of complaint contains all the allegations necessary to confer upon the circuit judge jurisdiction in equity to proceed against any existing excess of the net proceeds of sales of pineapples in the possession of the commission of which the commission is trustee and the debtor lessees are the *cestui que trustent*.[6] Hence the bill was improperly dismissed unless the commission as contended by it is immune from suit.

It is true that in the absence of statutory authorization the Territory is immune from suit.[7] Nor does statutory

---

[3] Harrison v. Battle et al., 16 N. C. 541, 547.

[4] R. L. H. 1935, § 4290.

[5] Morse v. Robertson, 9 Haw. 195; Hyman Bros. v. Sing Warn, 16 Haw. 106.

[6] Byrne v. Allen, 10 Haw. 668; Lyle v. Slegman, 26 Haw. 351.

[7] Kawananakoa v. Polyblank, 17 Haw. 82, *aff'd* 205 U. S. 349.

authority exist for a creditor's suit against the Territory. The Hawaiian Homes Act of 1920 as amended is silent upon the subject. Moreover, a creditor's suit does not come within the class of actions immunity from which has been removed by statute.[8] But this is not a suit against the Territory. Nor does it involve interest which may ultimately become government realizations. Petitioner does not claim any part of or interest in the money assigned which may be the subject of statutory liens. On the contrary, he seeks to reach the excess over and above all statutory liens of which the commission is the trustee for the benefit of the owners. Any money decree that this petitioner may secure would be enforceable, not against money or property of the Territory of Hawaii in the possession of the commission in its official capacity, but against the money and property of the respective debtor lessees held by the commission in its private capacity as trustee for them. This being so, immunity from suit does not exist.[9] The privilege accorded the sovereign of immunity from suit is personal to the sovereign and may not be resorted to by its officers and agents as a shield against judicial inquiry into their activities while acting privately as the trustee for others. Under the circumstances suit against the commission is the only means of reaching moneys in its possession held in trust in which the Territory has not nor claims to have any interest further than any statutory liens to which the same may be subject.

The decree appealed from is reversed and the cause remanded for further proceedings consistent herewith.

*P. A. Lee* for petitioner-appellant.

*W. D. Ackerman, Jr.,* Deputy Attorney General, for respondent-appellee Hawaiian Homes Commission.

---

8 R. L. H. 1935, § 4420.

9 McCoy & Son v. First Nat. Bank, 123 Okla. 90, 252 Pac. 404, 406.