JOHN BRYNER, Plaintiff in Error, v. THE BOARD OF SUPER-
VISORS OF PEORIA COUNTY, Defendant in Error.

ERROR TO PEORIA.

Sheriffs are not allowed pay for stationery, or for services in summoning grand
    juries, etc.   There is no legal or moral obligation on the counties to pay such
    charges.   They take the office *cum onere*.

THIS was an action commenced by the sheriff of Peoria
county, for the purpose of recovering for official services, ren-
dered the county.

The declaration was in debt, and there was a plea of the
general issue.

The case was submitted to POWELL, Judge, for decision,
without a jury, on an agreed state of facts.   The defendant
admitted that the services were rendered as charged in the bill,
and that they were of the value as charged in the bill of items,
but denied the liability of the county to pay for the same.

The items admitted to be correct, consist of mileage in sum-
moning grand and petit jurors for different terms of the Circuit
and County Courts, and amounting to $163.30.

Also, for serving subpœnas before the grand juries and for
the court, in different cases, amounting to $50.80.

Also, for money paid out for printing of jury warrants, cer-
tificates, bonds and bills of sale, amounting to $32.

All of which was admitted to be correct, as to the items
charged, but defendant denied the liability of the county therefor.

The case was submitted to the court on the following agreed
state of facts, to wit:

It is agreed in the said cause, that the plaintiff was sheriff of
Peoria county, and as such, rendered the services of " mileage "
in serving venires duly issued by the county clerk of Peoria
county, and in executing orders of court for summoning jurors,
as charged in his bill filed with the declaration in said case.

It is also agreed, that the plaintiff rendered services to the
value of thirty dollars, of the services charged in that part of
the bill filed with that part of the declaration marked as
" criminal bill for convictions," etc., which last mentioned
services were rendered for serving subpœnas before the grand
jury of said county—for serving writs of *scire facias* on for-
feited recognizances, in criminal cases, and for serving writs of
capias and subpœnas in cases pending in the Circuit Court of
Peoria county, in which cases convictions were had.   It is
further agreed, that the said plaintiff has paid out for printing
of blanks of the kind charged in said bill, and which were

proper to be used in the discharge of his duties of sheriff, money, to the amount of thirty-two dollars, as charged in said bill; that he has used a part of said blanks in the discharge of his duties as sheriff, and that he has the remainder of such blanks in his possession to be used in the same manner, and that the same were of the value charged in said bill.

It is further agreed, that no part of the value of said services, as such, has been paid to said sheriff.

It is further agreed, that during the time while the said services in serving venires, and executing orders of court to summon jurors as aforesaid, were being rendered, the defendant allowed and paid to the plaintiff ten dollars for each regular panel of jurors, and ten dollars for every panel of jurors summoned by order of court, both in the Circuit Court and County Court of said county.

The court shall take this agreement as evidence in said cause, and shall determine said cause without the intervention of a jury.

The court rendered judgment for the defendant, to which plaintiff excepted.

M. WILLIAMSON, for Plaintiff in Error.

MANNING & MERRIMAN, for the County.

BREESE, J. We cannot find any statute which in its terms, or by any construction it may have received, allowing sheriffs pay for the services here shown, or for stationery in any form. There is neither a legal or moral obligation on the counties to pay such charges. He who takes the office of sheriff, takes it *cum onere*.

The judgment is affirmed.

*Judgment affirmed.*