## ALEXANDER H. IRVIN

*v.*

## THE COUNTY OF ALEXANDER.

SHERIFFS—*compensation of, for conveying insane paupers to the insane asylum—construction of the statute in that regard.* Under the twelfth and thirteenth sections of chapter fifty, Gross' Statutes, providing that counties shall pay the expense of conveying insane paupers to the asylum for the insane, and fixing the compensation of the sheriff for such services, the sheriff is not allowed to charge for his necessary expenses anything in addition to the mileage and per diem provided by the statute.

WRIT OF ERROR to the Circuit Court of Alexander county.

Messrs. ALLEN, MULKEY & WHEELER, for the plaintiff in error.

Messrs. GREEN & GILBERT, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an agreed case, submitted to the Alexander circuit court, on facts admitted to be true : that plaintiff was and had been sheriff of that county since the 1st of December, 1871. As such sheriff, he had, previous to the time of trial, conveyed from that county to the insane hospital at Jacksonville four persons: that the distance, in going to and returning from the hospital with such persons, was 572 miles, and the necessary time employed in going and returning was three days; that it was necessary for plaintiff to take with him one assistant in conveying two of the persons; and he is entitled to mileage and per diem, for the time occupied and distance traveled, for each of these persons; that in going to and returning from the hospital with these persons, plaintiff incurred necessary expenses, in the performance thereof, for himself and assistant, $119.87; necessary expense for the insane persons, transportation, etc. $118.35—making a total of $318.22; that

plaintiff has received from the county, on account of the services and expenses, $340.90. The question presented is whether plaintiff was entitled to any further compensation.

On these facts the court below found and rendered a judgment in favor of the county, and the sheriff brings the record to this court, on error, and asks a reversal. The error assigned is the rendition of the judgment in favor of defendant.

This record involves the construction of the 12th and 13th sections of chapter 50, Gross' Statutes. These sections are as follows:

"Sec. 12. The expense of conveying paupers to the hospital shall be paid by the counties in which they reside, and that of others by conservators, husbands, parents and guardians; and in no case shall any such expense be paid out of the funds for the insane.

"Sec. 13. The compensation to the sheriff and his assistant shall be four cents each per mile, going and returning, computing the distance by the usual route of the United States mail, and two dollars per day for the sheriff and one dollar per day for his assistant, for each day's necessary absence, going to and returning from the hospital."

The twelfth section provides that the expense of conveying insane persons to the State hospital shall be paid by the counties in which they reside. The thirteenth fixes the compensation of the sheriff for such services.

The twelfth section expressly declares that the compensation of the sheriff and his assistant shall be four cents a mile going to and returning from the hospital, computing the distance by the usual mail route, and two dollars per day to the sheriff and one dollar per day to his assistant for each day they are necessarily absent. This seems to have been intended to cover the entire costs of taking paupers to the asylum. We are unable to perceive how any other or further compensation can be allowed under this law. It in terms fixes the compensation, and specifically enumerates the different items of which

34—63D ILL.

it shall consist. We are powerless to add other items to the bill. That belongs alone to the legislative department of the government. It has not added, after enumerating the items, and other necessary expenses; and the construction contended for asks us to make that addition to the law. Such would be its effect. The statute having enumerated the items, the sheriff can charge for no other.

The sheriff takes the office *cum onere;* and the general assembly, in fixing the various items of fees for his compensation, may and very probably have fixed some items too low, but others are very high when time, labor and skill are considered. As a whole, the office, no doubt, is regarded as remunerative, as it commands good and competent officers. We have never known a claim made for additional compensation because the actual cost of serving a summons was more than the fees in a particular case, or, in fact, in any other specific service rendered by the sheriff; yet, in principle, that is what is here claimed. If this were allowed, additional costs would have to be paid whenever the sheriff should lose money in the performance of any specific duty; nor can we know that, in adopting railroad travel, he had not adopted a more expensive mode than by boats on the rivers, or by stage or carriage. We are clearly of the opinion that the sheriff was not entitled to his traveling expenses, in addition to his mileage and per diem. If so, we would be compelled to hold that he would be entitled to charge for horse or carriage hire, when engaged in serving a summons, in addition to his mileage. Such a proposition has not nor can it with any reason be contended for under the statute.

It is true that the twelfth section declares the expenses of conveying insane paupers to the hospital shall be paid by the county; but the thirteenth declares how much shall be the pay, and how it shall be ascertained. Where a duty is imposed upon an officer, and the law fixes a fee for the performance of the service, it is intended to pay him for his expenses

and services whilst so engaged. This case does not differ in that respect from any other service performed by an officer who is paid by fees.

The judgment of the court below is affirmed.

*Judgment affirmed.*