CHARLES S. BRUCE

*vs.*

THE COUNTY COMMISSIONERS OF DODGE COUNTY.

The entire compensation which the auditor of Dodge county was enti-
tled to receive for the discharge of the duties of county auditor, is fixed
at $1,200 by *chapter* 209, *Special Laws*, 1872.

Appeal by the defendants from an order of the district court
for Dodge county, overruling a demurrer to the complaint.
The case is stated in the opinion.

ERWIN & PIERCE, for Appellants.

GORDON E. COLE, for Respondents.

*By the Court.*—BERRY, J.—This is a controversy as to the
compensation which the plaintiff is entitled to receive for dis-
charging the duties of auditor of Dodge county, from March
4th, 1872, to March 4th, 1873.  Plaintiff claims that the com-
pensation is regulated by *chap.* 90, *Laws* 1871 ; defendant, that
it is regulated by *chap.* 209, *Sp. Laws* 1872.

*Chapter* 90, *Laws* 1871, which is the general law regulating
the pay of county auditors, enacts, that " the salary of the
county auditor shall be regulated by the value of the taxable
property in their respective counties, as fixed by the state
board of equalization for the preceding year, as follows :

" In counties where the amount of taxable property does
not exceed the sum of one and one-half million dollars, they
shall be entitled to receive six mills on each dollar of the first
one hundred thousand dollars, etc., etc.  In counties where

Bruce v. County Commissioners of Dodge County.

the value of the taxable property for the preceding year, as fixed by the said board of equalization, exceeds the sum of one and one-half million dollars, the county auditor shall be entitled to receive five mills on each dollar of the first one hundred thousand dollars, etc., etc. In all counties where the valuation of the taxable property amounts to, or exceeds eight hundred thousand dollars, the county auditor shall be allowed, for clerk hire, one-half of one mill on each dollar of such amount of taxable property, not exceeding one million dollars, etc., etc. *Provided*, That no county auditor shall receive more than twenty-five hundred dollars per annum for his personal services, nor less than one hundred dollars." *Chap.* 209, *Sp. Laws* 1872, provides, in section four, (the only section which we deem important in this case,) that " each of said officers," (*i. e.*, the treasurer and auditor of Dodge county,) " shall be paid out of the county treasury the sum of twelve hundred dollars per annum, which said salary shall be paid quarterly, upon the warrant of the county auditor."

It appears to us, that the decision of the present controversy turns on the meaning to be attributed to the term " salary," in the act of 1871. We think it includes *all the compensation* which a county auditor is entitled to receive, under the provisions of the act.

The language is, " the salary of the county auditor shall be regulated by the value of the taxable property in their respective counties * * * * as follows." Then the inquiry is, what follows ? And the answer is, that all the subsequent provisions of the section follow, including, among others, that which gives the allowance for clerk hire. These subsequent provisions not only follow, in the sense of being placed after the phrase, " as follows," and in the same section, but the opinion, that they are all included in that phrase, is supported by the further consideration that they are all provi-

sions by which the amount, to which the auditor is entitled, is " regulated by the value of the taxable property in their respective counties," etc., etc.

Again, the words, " the county auditor shall be allowed for clerk hire," evidently mean that he shall be entitled to receive the percentage allowed for clerk hire, in all counties where the valuation amounts to, or exceeds eight hundred thousand dollars, without reference to whether he in fact employs a clerk or not. In other words, he is entitled to receive the percentage, though he performs in person the labor for which such percentage is intended as a compensation. And even when he employs a clerk or clerks, he is under no legal obligation to pay him or them the full amount of the percentage allowed for clerk hire. He can pay his clerks whatever price is agreed upon, retaining any surplus of the percentage for his own use. In other words, the percentage allowed for clerk hire would seem to be part of the *compensation* allowed the auditor, as pay for the discharge of the duties of his office, and a portion of his *salary*, just as is the percentage allowed him in the earlier provisions of the section.

The construction, which we thus adopt, would appear to derive some further support from the location of the proviso. In limiting the compensation which the auditor is to receive for his *personal services*, the proviso evidently refers to the percentage prescribed in those portions of the section, preceding that which gives the allowance for clerk hire ; yet it is placed at the end of the section, instead of immediately after the particular provisions which it qualifies. This fact is of some importance in supporting the conclusion, that in the legislative mind all the provisions of the section, preceding the proviso, were regarded as relating to one subject, namely, the *salary* of the county auditor ; and that it was very properly thought best to complete what was to be said, *in general*,

on that subject, before adding the proviso. On any other theory, its natural position would seem to have been immediately after the provisions qualified by it.

Having determined that the word "salary," in the act of 1871, includes the allowance for clerk hire, we find that by *section four, chapter* 209, *Sp. Laws* 1872, the auditor of Dodge county is to be paid $1,200, as a salary. The effect of this section of the special act is to amend the act of 1871, so far as Dodge county is concerned. For obvious reasons, then, the word "salary" must be taken to be used in the same sense in both acts. It follows then, that upon the proper construction of the statutes involved, the plaintiff was entitled to receive, as compensation for the discharge of the duties of his office, inclusive of clerk hire, the sum of $1,200 per annum, and no more.

The other point made in behalf of plaintiff is, that "a law which deprives the officer of one single county of all the privileges and emoluments, enjoyed by all others in similar circumstances, and provides an arbitrary and peculiar mode of compensating him for his services, is void, both as to the officer and the people of the county, if either see fit to object to it." We are utterly unable to conceive of any reason why it is not competent for the legislature, in the exercise of a general law-making authority, to single out the auditor of any county in the state, and fix his salary at whatever amount may be deemed best, without any regard whatever to the compensation allowed the other county auditors. This may sometimes be unfair, and even grossly unjust, and yet we know of no restraint upon the *power* of the legislature in the premises. *Commissioners Hennepin Co. vs. Jones*, 18 *Minn.* 202.

The counsel quotes from Cooley, (*Const. Limitations, page* 391,) as follows, viz: "The legislature may suspend the operation of the general laws of the state; but when it does so, the

suspension must be general, and can not be made in individual cases, or for particular localities." But the present case falls more appropriately within the doctrine laid down on page 390 of the same work quoted, where it is said, that " Laws, public in their objects, may be general or local in their application. * * The power that legislates for the state at large, must determine whether particular rules shall extend to the whole state and all its citizens, or to a part of the state, or a class of its citizens only."

The order overruling the defendant's demurrer and the judgment entered thereon, are reversed.