County of Crawford v. Lindsay.

## THE COUNTY OF CRAWFORD
### v.
## SAMUEL T. LINDSAY.

1. SHERIFF'S FEES IN CRIMINAL CASES.—The law providing for payment by the county to the sheriff of fees in criminal cases, where no conviction is had, applies only in cases where the whole amount of fees collected by the sheriff is less than his salary, as fixed by the proper board of county officers.

2. APPROVAL OF ACCOUNT BY COUNTY BOARD.—The fact that the county board approved the reports of the sheriff showing amounts due him for salary and expenses after deducting fees collected by him, imposed no obligation upon the county to pay him.

3. ALLOWANCES FOR DEPUTY, CLERK, ETC.—Where the county board fixed the salary of sheriff for the full term at $2,400, and his expenses for deputy, clerk, etc., amounted to nearly $1,000, while the fees actually collected amounted to only $2,440, *held*, that he was not entitled to pay from the county for fees earned in criminal cases where no costs were collected.

APPEAL from the Circuit Court of Crawford county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed September 29, 1882.

Mr. P. G. BRADBURY and Mr. J. C. ALLEN, for appellant.

Messrs. CALLAHAN & JONES, for appellee; cited Jennings v. Fayette Co. 97 Ill. 421; Satterfield v. Jefferson Co. 85 Ill. 347.

BAKER, P. J. Samuel T. Lindsay, appellee herein, was sheriff of Crawford county from December, 1878, to December, 1880, a period of two years. By order of the Board of Supervisors of the county, made in September, 1878, the salary of the sheriff for said term of office was fixed at the sum of $1,200 per annum, said salary to be in full for all services and to be paid entirely out of the fees of said office, and not otherwise. The board does not appear to have made any order fixing the amount of his necessary clerk hire, stationery, fuel and other expenses. The fees actually collected by appellee during the first half year of his term of office amounted to $382.94; during the second half year to $694.67; during the third half year to $560.80; and during the fourth half year to $529.15; and he collected after the expiration of his term, of fees earned during the term, the further sum of $272.45. This makes an aggregate of $2,440.01 of fees actually collected. Appellee, in each of his four semi-annual reports, claimed the expenditure of $250, for clerk hire or deputy hire; and, in his first report, from the sum of this charge of $250, and a charge of $600 for salary, deducted total receipts, and carried the difference forward as "salary unpaid;" and repeated this process from time to time till the end of the term. These several semi-annual reports were approved by the board. Appellee claims his salary and allowance for deputy hire, for the term, amounted to $3,400; his total receipts from fees to $2,440.01; leaving still due him $959.99; and further claims that as the proofs show he had earned $761.20 as fees in criminal cases where the defendants were acquitted or otherwise legally discharged without payment of costs, he is entitled to receive this amount of $761.20 from the county treasury under and by virtue of the provision with reference to fees in criminal cases found in the latter portion of section 19, of chapter 53, of the Revised Statutes. That provision of the statute is as follows: "In all criminal cases where the defendant shall be acquitted or otherwise legally discharged without payment of costs, the sheriff shall be paid such fees from the county treasury; *Provided*, that no such fees shall be paid to the sheriff from the county

County of Crawford v. Lindsay.

treasury where the fees collected by him during such year shall equal the compensation or salary allowed him by the county board; *and provided, further,* that no more of such fees shall in any case be paid from the county treasury than shall be sufficient, with the fees collected, to make the salary or compensation of said sheriff." We have already seen the salary of the sheriff was fixed by the board at $1,200 per annum, or $2,400 for his whole term of office; and that he has already received in fees actually collected the sum of $2,440.01 or a sum $40.01 in excess of his salary. The words " compensation " and " salary " are quite evidently used in this statute as synonymous terms, and refer to the recompense, remuneration or consideration that is stipulated to be paid to the sheriff for his personal services. Had the word " compensation " alone been used, it is possible there might have been some room for construction, but the legislative use of the word " salary " points without doubt to the amount required to be fixed by the board for services. · By reference to section 51 of the same chapter of the statutes, it will be seen that in the several provisions with reference to the reports of county officers, " expenses " and " salary " are regarded as separate and distinct items of account, and that the word " salary " as there used can not, in any way, be held to include or refer to " expenses." The fact the county board approved the reports of the sheriff, showing amounts due him for salary and for deputy hire, after deducting all fees actually collected, imposed no obligation on the county: Jennings v. Fayette County, 97 Ill. 419. The several orders of the board fixing salary and approving reports of expenses, had the effect to give to the sheriff $1,200 a year for his salary or compensation, and the additional sum of $1,000 for the pay of deputies and clerks during his whole term of office, if a sufficient amount to pay these several sums could be realized from the fees of the office; and the further effect under the provision in section 19 of chapter 53, to give him, in case he had earned fees in criminal cases where the defendants had been acquitted or otherwise legally discharged without payment of costs, such amount, and such amount only, of such

fees, from the county treasury, as would be sufficient, with the fees otherwise collected, to make up the sum of his said salary or compensation of $1,200. When, as in the case before us, the fees already collected equal and even exceed the salary, the law, in express terms, declares no fees earned by the sheriff in criminal cases shall be paid to him from the county treasury. The sheriff takes his office *cum onere*, and not only his compensation, but the expenses of the office are to be defrayed only out of the fees and emoluments by him received; and it is only in the event, and to the extent, the fees collected are insufficient to pay the salary fixed by the board, that he can call upon the county to pay to him fees earned in criminal cases: Jennings v. Fayette County, *supra;* Fayette Co. v. Jennings, 5 Bradwell, 614; Bryan v. Supervisors, 24 Ill. 195; Irvin v. Alexander Co. 63 Ill. 528. The views herein expressed render it unnecessary to discuss, in detail, the objections urged to the instructions given in the trial by the court below. The circuit court erred in overruling the motion for a new trial, and in rendering judgment in favor of appellee and against the appellant county for $761.20. The judgment is reversed and the cause remanded.

· Reversed and remanded.