MARY J. LYON ET AL. V. MARGARET GOMBERT ET AL.

FILED JANUARY 8, 1902. No. 10,914.

Commissioner's opinion, Department No. 3.

1. U. S. Patent to Land: PRIOR CONVEYANCE: INURING TITLE: ESTOPPEL BY DEED. Where one entitled to a patent to land from the United States, but before it issues, conveys the land to another by deed purporting to convey the fee, and a patent · subsequently issues to such grantor for the land, he will not be heard to assert title under such patent, as against such grantee.

2. Claiming Purchaser Without Notice: FACTS: CARE: DILIGENCE. One claiming as a purchaser without notice under the provisions of section 16, chapter 73, Compiled Statutes, is chargeable not only with notice of such facts as were known to him, but also with notice of such facts as he might have learned by the exercise of ordinary care and diligence.

3. Title: MISSING LINK: NOTICE. Where an instrument constituting a link in the chain of title which a purchaser proposes to buy is lacking, and such purchaser buys without inspecting or demanding an inspection of such instrument or the record, where it is spread at length, as required by law, such purchaser is chargeable with notice of any fact appearing on the face of such instrument affecting its validity.

4. Quia Timet. A party out of possession may maintain a suit in equity to quiet the title to real estate. *Bayrs r. Nason*, 54 Nebr., 143, followed.

ERROR from the district court for Nuckolls county. Tried below before HASTINGS, J. *Affirmed.*

*Burr & Burr,* for plaintiffs in error.

*Broady & Pettis* and *Cole & Brown, contra.*

ALBERT, C.

The plaintiffs brought this action to quiet their title to certain lands in Nuckolls county. The court made specific findings, which are too long to set out at length, nor do we deem it essential to a proper understanding of the case that they should be. Such findings in effect are as follows: (1.) In 1870, Jacob Shoff made a cash entry of

the land in controversy, paid the purchase price to the United States at its local land office, and received a certificate of such entry. (2.) Subsequently, in the same year, and before the issuance of a patent to him for said land, he conveyed the same by warranty deed in fee simple to William Bare, and delivered to his said grantee the certificate of entry hereinbefore mentioned, which deed and certificate were deposited by the grantee in said land office, in order that the patent to the land would issue to him, in accordance with the practice then prevailing in the land offices of the United States. (3.) Subsequently, contrary to said practice, a patent to the land issued to Jacob Shoff, instead of to his grantee, and was forwarded to the local land office for delivery, but was never actually delivered, and was never filed for record in the office of the register of deeds of said county. (4.) Afterward, at the instance of William Bare, the grantee of Jacob Shoff, the patent was recalled and canceled by the general land office, and in lieu thereof a patent issued to said Bare. (5.) Both Shoff and Bare died intestate. The heirs of the former conveyed their interest as such heirs to the defendant Mary J. Lyon, who, with her husband and co-defendant, George Lyon, Jr., conveyed the same by mortgage to the defendant Clara J. Hartz as security for a loan of some $2,000, which is unsatisfied. [There were other conveyances, based on the title of the Shoff heirs, but on the state of the record they would not change the legal aspect of the case.] (6.) That the defendant Mary J. Lyon, at the time she took the title from the Shoff heirs, was chargeable with notice of whatever title the plaintiffs had in the land, but that the defendant Clara J. Hartz, at the time she made said loan, and took said mortgage on the land, had no notice of such title, nor of facts sufficient to put her on inquiry, save that said Mary J. Lyon derived her title through quitclaim deeds, and the lack of a patent from the United States in the chain of said title. (7.) Bare's patent for the land was filed for record in the office of the register of deeds of said county August 25, 1893,

and after the conveyance from the Shoff heirs to the defendant Mary J. Lyon and the mortgage of the defendant Clara J. Hartz had been executed and delivered, the full consideration therefor paid, and said conveyances and mortgages filed for record in the office of said register of deeds. (8.) The plaintiffs are the sole and only heirs at law of William Bare. (9.) The land was wild and unoccupied, at least until the conveyances from the Shoff heirs to the defendant Mary J. Lyon, which was less than ten years before the commencement of this action. The trial court entered a decree in favor of the plaintiffs and the defendants bring the case here on error.

It will be seen from the foregoing that, aside from questions arising under the recording act, the plaintiffs stand in. the shoes of William Bare, the grantee of the original entryman, Jacob Shoff, and the defendants Mary J. Lyon and Clara J. Hartz, to the extent of their respective claims (the former as owner of the fee, the latter as her mortgagee) in those of the said Jacob Shoff, and that the rights of the said parties plaintiff and defendant are to be determined by precisely the same rules that would apply were William Bare the plaintiff and Jacob Shoff the defendant in this suit. As between the last named parties a discussion of the questions whether Shoff's title was perfect at the time the patent issued to him, and whether the subsequent cancelation of such patent was authorized, and operated to divest his title, would be wholly immaterial. Shoff's conveyance to Bare purported to convey the title in fee simple. He thereby not only conveyed such title as he had at the time, but also estopped himself from asserting, as against his grantee, any title under the patent subsequently issued to himself. Whatever title he took by such patent inured to the benefit of such grantee. This is elementary. Hence, were this an action between William Bare as plaintiff, and Jacob Shoff as defendant, the patent issued to the latter, whether its subsequent cancelation was effective or not, would constitute no defense.

If the defendants Mary J. Lyon and Clara J. Hartz

stand in any better position than that which Shoff himself would occupy were he the defendant, it must be because they are purchasers in good faith and without notice of the rights of the plaintiffs in the premises, within the meaning of section 16, chapter 73, Compiled Statutes, which, so far as concerns us now, is as follows: "All deeds, mortgages, and other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments, shall be first recorded." This brings us to the question whether the defendants last named are such purchasers as those the foregoing section was designed to protect. In the application of this section, it is well to bear in mind that it was not enacted to protect persons willfully or culpably ignorant. In the construction of provisions of this character, means of knowledge, and the duty of using such means, are equivalent to notice. *Carneal v. Lynch,* 50 Am. St. Rep. [Va.], 819; *Tuttle v. Jackson,* 6 Wend. [N. Y.], 213, 21 Am. Dec., 306; Wade, Notice, secs. 246, 250, 251. Another wholesome rule is that knowledge of facts sufficient to put a reasonably prudent person on inquiry as to the existence of other facts is equivalent to actual knowledge of those facts which such suggested investigation would, in all probability, have disclosed, had it been duly pursued. *Doran v. Dazey,* 57 Am. St. Rep. [N. Dak.], 550; *Allen v. McCalla,* 25 Ia., 464; Wade, Notice, *supra.*

In this case both these defendants knew that a patent from the United States, the source of all our land titles, was lacking in the chain of title of their grantors. That, of itself, was a most arrestive fact, and one calling loudly for explanation. No such patent appeared on the records of Nuckolls county. It seems to us that in the face of

those facts a reasonably prudent person standing in the place of the defendants would have demanded of their grantors an inspection of the document constituting the basis of the title offered them. If, for any reason, such demand could not be met, then the next best evidence would have been a copy from the general land office at Washington, where, as required by law, it was spread at length on the record. Had this been done, the defendants could not have failed to learn of the cancelation of the patent to Shoff, for that fact was noted across its face. That fact, whether the cancelation was effective or not, would have suggested inquiries to a reasonably prudent person, which, if pursued with reasonable care and diligence, would have disclosed the reason for the cancelation, or attempted cancelation, of the Shoff patent, namely, his conveyance to Bare; and that a patent for the same land had subsequently issued to the latter. It does not appear that the defendants ever asked their grantors to explain the break in the title, or that they ever made any attempt to obtain an inspection of the Shoff patent, or of the record of it at Washington. It is the duty of a purchaser to look into the title papers under which he buys. *Jameson v. Rixey,* 64 Am. St. Rep. [Va.], 726. It seems to us that, where the instrument constituting the very starting point in the title offered is lacking, a purchaser who buys without making any effort to obtain an inspection of such instrument or of the record of it, when the same could be had by the exercise of ordinary diligence, is chargeable with notice of every fact that an inspection of such instrument or the record of it would have disclosed. The defendants neglected to follow up the inquiry suggested by a palpable break in the chain of title which, had it been followed up with reasonable diligence, would have led to a knowledge of plaintiff's rights in the premises. As they might have ascertained such facts by reasonable prudence and diligence, they are chargeable with notice of such facts. *Wishard v. Hansen,* 61 Am. St. Rep. [Ia.], 238.

We do not overlook the fact that the books of the local

land office showed the issuance of a patent for the land to Shoff, but were silent as to the one issued to Bare. But such entries are mere recitals of conclusions drawn by some clerk in such office. They are not the best evidence, for they suggest evidence of a higher nature within easy reach, namely, the patent itself, or the record of it at Washington. In matters of grave importance a party has no right to rely on such recitals when better evidence is near at hand and easily obtained. As to the defendant Mary J. Lyon, the case is still stronger. Aside from the break in the title, owing to the lack of the patent, in our opinion there is ample evidence to sustain the finding of the trial court that she was not a purchaser without notice. As to each of the defendants, we consider the evidence sufficient to sustain the findings, and the findings ample to support the decree.

It is urged that the plaintiffs were out of possession, and for that reason an action to quiet title would not lie. This court has held otherwise. *Eayrs v. Nason*, 54 Nebr., 143. But counsel cite *Snowden v. Tyler*, 21 Nebr., 199, 215, in which this court says that in the trial of titles purely legal, the plaintiff out of possession and the defendant in possession, either party is entitled to submit questions of fact to a jury. There is no conflict between this case and the one next preceding it in our citations. In this case there was no demand for a jury, no refusal to grant one, nor any exception saved. It is true, the defendants pleaded as a defense that the court had no jurisdiction as a court of equity to try the case, and that each of the defendants was entitled to a jury. But some of the issues were equitable, and, were there any purely legal issues, properly triable to a jury, the defendants should have pointed them out, and asked their submission to a jury. They did not do this, and for that reason are not now in a position to complain. It should be kept in mind that there is no such thing as a court of equity in this state. We have a district court, which has common law jurisdiction and equity powers. When its jurisdiction is

invoked either by an action at law or a suit in equity, it has jurisdiction to act, and its judgments and decrees can not be assailed for want of jurisdiction on the ground that an issue triable to a jury was tried to the court, especially when there has been no demand for nor refusal of a jury trial of such issues.

It is urged further that the plaintiffs were guilty of laches in not asserting title to the land earlier, and in not taking some step to give notice of their claims. The plaintiffs and the Shoff heirs under whom the defendants claim were about equally diligent in these matters. The assertion of title by the latter was shortly followed by the assertion of title by the former. If the laches of the plaintiffs is to be visited with such severe penalties, what shall we say of a purchaser, with notice, from those who have been guilty of like laches? The equities between the parties are not such as to warrant the application of the doctrine of laches in this case.

We recommend that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.