MELGES BROTHERS COMPANY and Others v. DULUTH BREWING & MALTING COMPANY.[1]

June 7, 1912.

Nos. 17,572—(116).

**Sale fraudulent as to creditor — charge to jury.**
> Action for the conversion of a retail stock of liquors alleged to have been sold by the owner to plaintiffs in payment of their claims against him. Defense, that the sale was fraudulent as to the defendant, a creditor. *Held*, that a sale or mortgage, although upon an adequate consideration, may be not only constructively but actually fraudulent as against creditors, and that it was error for the trial court to give such instructions to the jury

1 Reported in 136 N. W. 401.

which might well lead them to the conclusion that, if plaintiffs paid a fair price for the property, they were entitled to a verdict.

Action in the district court for Beltrami county to recover $800 for conversion of a stock of liquors and saloon fixtures. The case was tried before Wright, J., and a jury which returned a verdict in favor of plaintiffs for $400. From an order overruling defendant's motion to set aside the verdict and for a new trial, it appealed. Reversed and new trial granted.

*Spooner, Laybourn & Lucas,* for appellant.

*Graham M. Torrance,* for respondents.

START, C. J.

Action for the conversion of a retail stock of liquors and saloon fixtures, brought in the district court of the county of Beltrami. Verdict for the plaintiffs in the sum of $400. The defendant appealed from an order denying its motion for a new trial.

The complaint alleged that the plaintiffs were the owners of the personal property in question, and that the defendant took it from them and converted it to its own use. The answer, so far as here material, was a general denial.

The plaintiffs on the trial gave evidence tending to show that prior to August 14, 1909, Louis Bloosten was the owner and in possession of the property and using it in the conducting of a saloon and restaurant business in the city of Bemidji; that he was then indebted to the plaintiff Melges Brothers Company in the sum of $153.46, and to its coplaintiff, the firm of L. L. Berman, in the sum of $510; that on the day named Bloosten and the plaintiffs entered into an agreement whereby he was to sell and turn over to them the property in full payment of their claims against him; that in the execution of the contract the property was delivered by him to them; and that thereafter it was taken from their possession under a writ of attachment issued out of the district court of the county of St. Louis, and converted by the defendant to its own use. The contention of the defendant was and is that whether the transaction, by virtue of which the plaintiffs claim to have acquired the property, be regarded

as a chattel mortgage or an absolute sale, it was fraudulent and void as to it, a then creditor of the vendor, Bloosten. There was evidence tending to support this contention of the defendant, and the issue as to the fraudulent character of the transaction was submitted to the jury, and a verdict returned for the plaintiffs.

This finding, if sustained by the evidence, is conclusive; the trial court having approved it. The defendant, however, insists that the verdict is not sustained by the evidence. It appears quite conclusively from the evidence that the greater part of the property in question consisted of the stock of merchandise of the vendor, Bloosten, that the alleged sale was not in the ordinary course of his business, and that the statute (R. L. 1905, § 3503) was not complied with. The sale was, therefore, as the trial judge instructed the jury, presumptively fraudulent and void as to the defendant, an attaching creditor, and the burden was on the plaintiffs to show that the sale was made in good faith, without any intent to defraud creditors. Thorpe v. Pennock Mercantile Co. 99 Minn. 22, 108 N. W. 940, 9 An. Cas. 229. The evidence tending to rebut the prima facie presumption that the sale was fraudulent is not entirely satisfactory, but we are not prepared to hold that the trial court erred in not granting a new trial on the ground that the verdict is not sustained by the evidence.

We are, however, of the opinion that the court erred in its instructions to the jury, in view of the evidence relevant to the question of the bona fides of the alleged sale. The defendant, on the motion for a new trial and on this appeal, assigned some fifteen alleged errors in the instructions to the jury. Many of these assignments are obviously without merit, but several of them are open to the objection urged in the brief of defendant's counsel, to the effect that they were of a character liable to mislead the jury and lead them to the conclusion that, if they found that the plaintiffs paid an adequate consideration for the property, the sale was valid. The jury were instructed in this connection as follows:

"It is lawful for a debtor to prefer a creditor, providing the transaction is an honest one, and made for a fair and valuable consideration, and in doing so it is not evidence of fraud, conclusive evidence

of fraud, that he turns over all the property that he had at the time, but that would depend upon the fair consideration that was paid for that property. If the consideration that he received for the property that he turned over was a fair one, comparing in value reasonably with the value of the property he turned over, then that would not constitute absolutely—would not be conclusive—evidence of fraud as to his creditors. * * * I will now tell you, in short, that should you find after a fair and careful consideration of all the evidence in this case, weighing it as you should, that the passing of this property from Bloosten was for a consideration that was reasonably near the value of the property—that is, the value of the consideration compared favorably, and was not so clearly below the market value of the property as to strike an ordinarily intelligent man with the conviction that such a sale never could have been made in good faith—if you find that they bought it, and paid a fair valuation for it, and that they both bought it jointly, then they became the owners of it, and they were entitled to the possession of it, and the taking of it by the defendants was wrongful, and it becomes your duty, if you so find, to find for the plaintiff. * * *

"If, on the other hand, you find this sale was not made properly and for a fair and reasonable consideration, if it was made with the intention of defrauding and defeating the creditors of Louis Bloosten, then I charge you that the plaintiffs did not become the owners of that property, and that the taking of it by the defendants was a rightful taking, and that they had a right to it, and it will then become your duty to find a verdict for the defendants."

It is well settled that a sale or mortgage, although upon an adequate consideration, may be not only constructively, but actually, fraudulent as against creditors. Braley v. Byrnes, 20 Minn. 389 (435); Fish v. McDonnell, 42 Minn. 519, 44 N. W. 535. It follows that the instructions complained of were erroneous, and constitute reversible error, for the jury might well have understood therefrom that if the plaintiffs paid a fair price for the property they were entitled to a verdict.

The record does not justify the conclusion that the instructions were the result of inadvertent or unintentional misstatements on the

part of the trial court; hence the instructions do not fall within the rule of. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 774. .

Order reversed, and new trial granted.