JENKINS, Appellant, v. HALLSTROM et al., Respondents.

(138 N. W. 12.)

1. **Game—Game Warden's—"Compensation"—Duties of County Commissioners.**

Under Sess. Laws 1909, ch. 240, concerning compensation of county game wardens, while it was contemplated that state game warden should fix the compensation allowable for a certain service or an expense incurred, it was not intended that county commissioners should not have power to reject a voucher when the total for any month exceeded the amount fixed by statute, or to reject or correct any item where, to their knowledge, service had not been rendered or expense incurred.

2. **Game Wardens—"Compensation," Including Expenses.**

The word "compensation," as used in Sess. Laws 1909, ch. 240, providing compensation for county game wardens, includes, in addition to pay for service rendered, not exceeding $50. per month, pay for expenses incurred.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Day County. Hon. FRANK Mc-NULTY, Judge.

Application by C. C. Jenkins for a writ of mandamus against S. G. Hallstrom and others, composing the Board of County Commissioners of Day County, to compel approval of certain vouchers for claims against the game fund. From an order sustaining a general demurrer to his petition, plaintiff appeals. Affirmed.

C. C. *Bush,* for Appellant.

The demurrer by the defendants admits as true all the allegations of the petition, and:

That from time to time on itemized and sworn statements rendered by the Plaintiff as county game warden to the state game warden, the amount of compensation as county game warden, and the expenses connected with the enforcement of the provisions of the game laws and the necessary expenses of the office of the county game warden, due to the plaintiff was determined and fixed by the state game warden, and for such compensation and expenses then due the state game warden issued a formal order or warrant on the county game fund of Day county directed to the county treasurer of Day county to pay to the order of the plaintiff out of the county game fund the amount then due,

which warrants or vouchers were signed and certified to by the state game warden, and were complete except the formal approval by the county commissioners.

That from time to time these vouchers or warrants for the amount of compensation and expense as had been determined and certified to by the state game warden were presented to the county commissioners to be approved, and that the county commissioners have failed and refused to approve the vouchers or warrants so certified for the amounts fixed and determined by the state game warden, and it has been the custom of the county commissioners to attempt to audit, adjust, pass upon and allow such claims, and would allow such sum as the board of county commissioners should determine was a sufficient compensation and expense, wholly disregarding the voucher and warrant issued by the state game warden, and would issue a formal county warrant for such sum as had been determined by the county commissioners was a sufficient compensation and expense, and that on different vouchers so certified which were presented, the county commissioners cut down and reduced and allowed and issued a county warrant for a sum smaller and less than had been so certified to by the state game warden, and had on one or two vouchers so presented rejected the claim and refused to pay anything, rejecting the claim absolutely, the amounts, so reduced and cut down and rejected, being set forth in detail in the petition.

And that at the said several times there were funds sufficient in the county game fund to pay the full amount of the vouchers so certified to the county commissioners.

Chapter 240, Laws of 1909, section 4, among other things provides as follows: "Each county game warden shall be subject to the state game warden, who may remove him at any time for neglect of duty;" and the same section further provides "Each county game warden shall receive such compensation as the state game warden shall determine, not to exceed fifty dollars per month, to be paid upon vouchers to be certified to by the state game warden and approved by the county commissioners from the county game fund, provided, that no charge for any salary or expense connected with the enforcement of the provisions of this chapter except the fees of sheriffs, constables and other regular

court costs, shall be at any time any charge upon any county or upon the state, but all such expense shall be paid from the county game fund as herein provided, and provided further, that whenever the total of all such fees, salaries, per diems, shall exceed the total sum in the county game fund remaining after the payment of the necessary expenses of the office of the County Game warden, such fee, salaries and per diems shall be paid pro rata to each lawful claimant."

From this law it will be seen that the county game warden is subject to the state game warden, that is, the plaintiff was under the control and subject to the state game warden; it was made his duty to enforce the game laws of the state subject to the orders of the state game warden who could at any time for any neglect remove him from office, and the state game warden is by this law charged with the enforcement of the game laws, and he is the superior of the county game warden, and has authority to direct the enforcement of the law, and nowhere is there any authority given the county commissioners to direct or have any control whatever over the county game warden. And it is well known and does not require argument to show that the game laws can not be enforced, and the county game warden can not enforce the law without incurring more or less expense.

The defendants and respondents urged that the word "approved" gave the county commissioners a discretion which they could exercise and gave them authority to inquire into, pass upon, adjust, fix and determine what, if any thing, should be paid, and that this gave them authority to audit the accounts of the county game warden. But the plaintiff and appellant contends that this does not give the county commissioners any discretion. The word approve as defined by the dictionary means "To accept as good and sufficient for the purpose intended," "To affirm as lawful and proper," "To give sanction to," and the plaintiff and appellant contends that the word "approved" as used in this law means that the county commissioners should attest, or, in effect, by their approval, certify that the voucher so certified by the state game warden, was a good and sufficient warrant for the payment of the account, and that it was a lawful nd proper voucher or warrant to the treasurer upon which to make payment, and that it gave them no discretion whatever to inquire into or as-

certain whether the items for which the voucher was given were proper charges. And the plaintiff contends that the reading of the entire section of the law fully supports his position, that the approval of the voucher was purely a ministerial act on the part of the county commissioners, and not an act in which they could exercise any discretion.

*Frank Anderson,* State's Attorney, for Respondents.

The action of the court in sustaining demurrer to plaintiff's affidavit and petition for writ of mandamus was correct and was justified by the law and facts for the following reasons:

1st. That under Section 4 of Chapter 240 of the Laws of 1909 the Board of County Commissioners are burdened with the duty and vested with power to pass upon the correctness of the bills of county game wardens for salary and that by reason thereof mandamus will not lie to direct them how to decide.

2nd. That the same section, as last above referred to, limits the amount that any game warden in this state may receive, as compensation, to the maximum of $50.00 per month and that there is no provision in the statute providing for any game warden receiving during any one month any greater sum as compensation than $50.00.

3rd. There is nothing to show by appellant's petition that the State Game Warden ever determined what his monthly compensation as game warden should be.

4th. That the vouchers or bills for salary and expenses presented by the appellant to respondents as county commissioners, as shown by said petition, do not show what portion thereof is salary and what portion is expenses.

5th. That appellant's petition fails to show that at the times complained of there was in the county game fund of Day county funds sufficient to cover the amounts claimed by appellant.

6th. That the appellant's petition, on its face, shows that he presented bills or vouchers for salary and expenses far in excess of the maximum as provided by law.

It seems to us clear that it was not the intention of the State legislature to put into the hands of the State Game Warden, without limitation, the power to fix the compensation of county game wardens. It occurs to us that the very language of the statute negatives any such inference. Section 4, Chapter 240, Laws

of 1909, among other things, reads: "Each county game warden shall receive such compensation as the State Game Warden shall determine, not to exceed $50.00 per month to be paid upon vouchers to be certified by the State Game Warden and approved by the Board of County Commissioners."

There is no place in this law any provision for expenses or anything granting to the state game warden the power to certify and allow anything for expenses. When this law provides that the vouchers shall be "approved by the board of county commissioners" it would certainly seem to us that such a procedure on the part of the board would be idle, if at the same time the board had no power to determine whether or not such vouchers in form were proper and in amount were reasonable and in accordance with the law. The money belonging to the county game fund is as much a part of the moneys belonging to the county treasury of Day county as are any other moneys therein contained.

If it were intended, as appellant claims, that the board of county commissioners should have a merely perfunctory duty connected with these vouchers and that the word "approved" in the law means merely that the board shall, by its approval, say that this is a voucher certified by the state game warden, then certainly the board could have been spared any trouble connected with such vouchers    Section 34 of High on Extraordinary Legal Remedies at page 33.

Appellant's petition entirely fails to show that the state game warden ever determined what should be the monthly compensation to which the county game warden, the appellant, should be entitled. In the absence of such a determination it would be entirely impossible for the board of county commissioners to determine from the voucher presented to them whether or not the same was regular and entitled to be honored. There is further no showing in the petition that the bills or vouchers specified what portion of the amount thereof was compensation or salary and what portion thereof was expenses.

Again we find that there is nothing in the petition to show of what these purported expenses consist. For anything that appears on the face of the petition it may be that they consist in part of sheriff's fees, constable's fees and court costs, which the

statute expressly provides shall be paid out of the general county funds. The portion of the statute to which we refer is that part of section 4 of the Act, reading as follows:

"Provided that no charge for any salary or expenses connected with the enforcement of the provisions of this chapter except the fees of sheriffs, constables and other regular court costs shall be at any time any charge upon any county or upon the state."

WHITING, J. The appellant as plaintiff brought a proceeding in mandamus asking the circuit court to compel the defendants, as county commissioners of Day county, to approve certain vouchers for claims against the game fund of said county, which claims he had presented to them, and they had either rejected in toto or approved in part only. The defendants demurred to the affidavit and petition for mandamus, and for grounds of demurrer set forth "that said affidavit and petition fail to state facts sufficient to entitle the plaintiff to the relief demanded or any relief." The circuit court sustained the demurrer, and it is from the order sustaining such demurrer that this appeal was taken.

Such demurrer admits the following facts: During the time covered by such vouchers, the plaintiff was the duly appointed and qualified county game warden in and for Day county, and performed the duties of such position. From time to time, while he was such game warden, the plaintiff submitted to the state game warden a sworn itemized "statement of the costs and expenses, and of the compensation then due to plaintiff as such officer, and which costs and expenses had been incurred in the necessary expenses of the office of county game warden. * * * Such compensation was determined by the state game warden and such costs and expenses were approved by the state game warden, and were certified to by the state game warden, and the state game warden from time to time * * * did issue to plaintiff * * * a regular and formal order or warrant upon the county game fund of Day county for the amount then due, which warrants were * * * signed and certified to by W. F. Bancroft, state game warden, and were executed all except the approval of the county commissioners." Such certified vouchers or warrants were presented to the defendants for approval, and the defendants wholly failed and neglected and refused to approve such vouchers and

warrants. Defendants assumed to pass upon the correctness of plaintiff's claims, and allowed some at a less amount than claimed by plaintiff and wholly rejected some. The amounts claimed and for which plaintiff had vouchers certified by the state game warden were in various sums ranging from less than $50 a month up to greatly in excess of $50 for some months. At the times the vouchers were presented for approval of defendants, and at the time this proceeding was initiated there was money sufficient in the county game fund of Day county to pay the amount of said vouchers in full. The petition and affidavit wholly failed to show what part of the amount of each voucher was for services, and what part for expenses. This action is based entirely upon chapter 240 of the Session Laws of 1909, the part of said chapter material for our consideration reading as follows: "Each county game warden shall receive such compensation as the state game warden shall determine, not to exceed ($50.00) per month, to be paid upon vouchers to be certified to by the state game warden and approved by the county commissioners, from the county game fund; provided, that no charge for any salary or expense connected with the enforcement of the provisions of this chapter except the fees of sheriffs, constables and other regular court costs, shall be at any time any charge upon any county or upon the state, but all such expenses shall be paid from the county game fund as herein provided; and provided further, that whenever the total of all such fees, salaries, per diems, shall exceed the total sum in the county game fund remaining after the payment of the necessary expenses of the office of the county game warden, such fee, salaries and per diems shall be paid pro rata to each lawful claimant. County game wardens shall be nominated by the boards of county commissioners of each county and appointed by the state game warden."

Appellant contends that there is no authority vested in the county commissioners empowering them to pass upon the correctness of the certified voucher presented to them under this law—that they can but approve the same as presented, and that it is their bounden duty so to do. Respondents contend that it is within their power and it is their duty to pass upon the correctness of the claims presented, and also that many of the vouchers were invalid upon their faces as the amounts thereof were in sums ex-

ceeding $50 a month for the months covered thereby, and also that they did not show how much was allowed for each month when they purported to cover more than a month.

[1] We think respondents are right in both of their contentions. It surely cannot be presumed that the Legislature intended to impose upon the county commissioners of a county the mere formal act of approving a claim. What possible purpose could such an act serve? The county commissioners are in a much better position to know or ascertain whether the county game warden has performed the services and incurred the expenses set forth in this statement than is the state game warden; and, while it was undoubtedly contemplated that the state game warden should fix the compensation to be allowed for a certain service or for an expense incurred thus leading to uniformity throughout the state for like service and like expense, it certainly was not intended that the county commissioners should not have power to reject a voucher when the total for any month exceeded the amount fixed by statute, or to reject or correct any item where, to their knowledge, the service had not been rendered or the expense incurred.

[2] Can the amount allowed a county game warden under this law for services and expenses lawfully exceed the sum of $50 for any one month? The answer to this question depends largely upon the meaning to be given the word "compensation" as used in the section from which we have quoted. Appellant contends that by "compensation" is meant salary, and that this only is limited to $50 a month; while respondents contend that the word "compensation," as here used, is broader than the word "salary," and covers both what one is to receive for his services and also what he is to receive to compensate him for expenses incurred. An examination of the cases involving a construction of the term "compensation" will reveal that such construction is invariably controlled by the context of the provision, wherein such word is used. It is well, then, to consider carefully the statute as quoted. What is it the game warden is to determine and to give a certified voucher for? The "compensation" of the county game warden. If, then, the word "compensation" includes only salary or pay for services rendered and does not include remuneration for expenses incurred, the state game warden has no power whatsoever to certify and approve expenses, and any attempt to include expenses

in a voucher or warrant would invalidate such voucher or warrant and justify its rejection by the commissioners. Furthermore, unless the word "compensation" does include remuneration for expenses incurred, there is absolutely no provision of this statute under which a claim for such expenses can be audited and allowed. It would follow that, if a county game warden had rendered services for which he was entitled to and the state game warden was willing to allow $25 and also had incurred necessary expenses to the amount of $25, he could only get a certified voucher for $25, the amount allowed for services, and would lose the balance. It is clear to us that the term "compensation," as used, includes pay for expenses incurred as well as for services rendered; that the amount of such compensation cannot in any one month exceed $50; that the bill therefor must, in the first place, be passed upon by the state game warden, and, after he has certified to the correctness thereof and given a certified voucher therefor, it must be presented to the county commissioners and be by them passed upon; that such commissioners have power to reject it in whole or in part if they find it incorrect, subject to the right of the county game warden to appeal from their decision or bring an action to recover the amount claimed.

It follows that the demurrer was rightfully sustained, and the order sustaining same is affirmed.