T. B. MORRIS, Appellant, v. E. E. HOSMER et al., Appellees.

MANDAMUS: Subjects, Purposes, Etc.—Issuance of Salary War-
1 rants. Mandamus will lie to compel the issuance of proper warrants for the salary of a public official, *provided his term of office has not expired.*

SCHOOLS AND SCHOOL DISTRICTS: County Superintendent—Sal-
2 ary—Construction of Order. An order of the representatives of school corporations, under Sec. 2742, Code Supp., 1913, providing "that the [county] superintendent's *salary* be increased to $2,500, *with the understanding that at least $500 is to be used as expenses,* in addition to the $250 allowed by law," must be construed as fixing the *salary* at $2,000.

OFFICERS: Compensation—Orders Prescribing—Construction. An
3 order fixing the salary of a public official, and made by the proper official body, and within the range of the discretion granted to it, must, in the quest for its true meaning, be construed as ordinary written instruments are construed, to wit: by excluding no part thereof as surplusage if, in reason, all that is written can be given effect.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

FEBRUARY 9, 1918.

THE representatives of school corporations who, when in session, are authorized to add to the salary of the county superintendent, as fixed by statute, "such further sum by way of compensation as may be just and proper," made the following allowance to the appellant, who was by the same body chosen to be county superintendent, to wit:

"That the superintendent's salary be increased to $2,500, with the understanding that at least $500 is to be used as expenses in addition to the $250 allowed by law;

that the salary of the assistant be increased to $720 per year."

The defendants took the position that this fixed the salary at $2,000, and that the balance of the $2,500 was for reimbursement of additional expenses. The view of the plaintiff is that, despite what is said about additional expenses, his salary was fixed at $2,500. The controversy was submitted to the trial court, on an application of the plaintiff for a mandatory order to compel payment in accordance with plaintiff's interpretation. This relief was denied, the petition dismissed, and the plaintiff appeals.—*Affirmed.*

*Earl Edmunds,* for appellant.

*Naglestad, Kindig & Mullan,* for appellees.

SALINGER, J.—I. It is the duty of the board of supervisors to make payment for goods it has lawfully bought for the county. But mandamus would not lie to compel it to do so. The reason is that, while mandamus is available to compel the performance of what an officer should do, the right to use such remedy is limited to cases where there is no other plain, speedy, and adequate remedy. In the supposed case, an ordinary suit at law would be such remedy; wherefore, mandamus would not lie, though the outcome of the suit at law would demonstrate that payment should have been made without suit. This appellant differs with the impleaded officers as to how much salary he is entitled to receive, under an agreement that fixes such salary at some amount. If his term of office were at an end, he could not use the writ to recover the unpaid balance due him under his construction of the contract. The ordinary suit at law to recover such balance would give plain, speedy, and adequate relief. But his term has not ended. Why should he not have a mandatory order compelling payment, if it be found that a balance is

1. MANDAMUS: subjects, purposes, etc.: issuance of salary warrants.

due because the plaintiff is and the defendants are not correctly construing the contract? A peremptory order that payment shall be made for the past and for the future at the rate claimed by plaintiff at once ends the whole controversy. If plaintiff be relegated to a suit at law, he can sue only for the balance now accrued to him on his theory. If he recover, that does no more than to pay him what has accrued to the time at which he brought suit. While it may be that the defendants would thereafter pay at the rate fixed by the outcome of such suit, they would be under no compulsion to do so, and captious officials, angered by the outcome of the suit, might put the plaintiff to suing at the end of every month; or, if he elected not to do this, he must wait until his employment has ended, and then sue for the balance due. We conclude that, in the circumstances, mandamus was the proper remedy.

2. SCHOOLS AND SCHOOL DISTRICTS : county superintendent: salary: construction of order.

II. A body authorized to add to the compensation of the superintendent made written order that the "salary" of appellant "be increased to $2,500." If this were all, the trial court erred in holding that the salary was but $2,000. But it is not all. While the written allowance does say that the "salary" shall be increased to $2,500, it says further that the increase is made "with the understanding that at least $500 is to be used as expenses, in addition to the $250 allowed by law." The expense allowance referred to is by statute limited to $250 per year. The position of appellant is, of necessity, that the clause as to the understanding should be disregarded; that, when it is once written that the salary shall be a stated sum, the salary is that sum, even if the sum fixed as salary is so fixed upon condition that a part of it must be expended for a stated purpose. The general rules of con-

struction of writings are against this posi-

3. OFFICERS:
compensation:
orders prescrib-
ing: con-
struction.
tion. No part of what is written is to be dealt with as surplusage, if in reason *all* that is written can be given effect. We do not understand that appellant is questioning this rule. It remains to be considered whether he has avoided it. What we have to determine is, then, whether, giving reasonable effect to all that was said, it was not the intention to grant a salary of $2,000; whether here is not a case of using the term "salary" inaccurately, rather than using a phrase that has no meaning whatever, if *all* allowed is for "salary."

If it was intended to give a "salary" of $2,500, there was no occasion to say that it was done with the understanding that $500 should be paid out for expenses; the purpose to give a $2,500 salary would be effected beyond dispute by stopping after having ordered that the salary should be increased to that amount. What, then, was intended by the writing as a whole?

It is manifest it was thought necessary that the county superintendent should have and use more for expenses than the general statute provided, and manifest that there was a purpose to write into the order what would insure the enlarged expense fund and its being used. Unless this be so, it is utterly inexplicable why anything was said about an understanding that a stated sum should be used for expenses. Those who respectively made and accepted the writing are held to know the law. Therefore, they know that, if no more was said than that the salary should be a stated sum, the purpose to provide an expense fund would be defeated. For salary is the equivalent of "wages." *Commonwealth v. Butler,* 99 Pa. 535, 542; *Morse v. Robertson,* 9 Hawaii 195, 197; *Briscoe v. Clark County,* 95 Ill. 309; *Kirkwood v. Soto,* 87 Cal. 394 (25 Pac. 488): *Cowdin v. Huff,* 10 Ind. 83; *County of Crawford v.*

*Lindsay*, 11 Ill. App. 261, 263; *Marion County v. Lear*, 108 Ill. 343; *Houser v. Umatilla County*, 30 Ore. 486 (49 Pac. 867); *Seiler v. State*, 160 Ind. 605 (65 N. E. 922, 927); *Castle v. Lawlor*, 47 Conn. 340, 344; *City of Montpelier v. Senter*, 72 Vt. 112 (47 Atl. 392, 393); *Parsons v. Waukesha County*, 83 Wis. 288 (53 N. W. 507); *Beaumont v. County of Ramsey*, 32 Minn. 108 (19 N. W. 727); *Bruce v. County Commissioners*, 20 Minn. 388; *State ex rel. McGrath v. Holladay*, 67 Mo. 64. If, then, the writing had stopped at fixing a salary, the appellant would have been entitled to all the allowance as pay for his personal services as an officer. No provision for expenses would exist, and no obligation to incur any. As that is just what was not desired, an attempt was made to qualify the word "salary," so that it should not mean what it does when used without more. Without express qualification, salary can be construed to be a fund wherefrom to pay compensation and repay expenditures. That is done when, though all the salary has not been exhausted to pay wages, there is a refusal to use what has not been used for wages to repay expenses, and so to compel the officer to serve at a financial loss. *Wheelock v. People*, 84 Ill. 551; *Jenkins v. Hallstrom*, 30 S. D. 192 (138 N. W. 12). In the case before us, there was an unwillingness to leave the expense matter to construction. And so there was written what is equivalent to saying that there should be a salary of $2,500 and that, despite the technical meaning of the word, $500 of it should not be used to pay compensation. To hold with appellant, it must be said that, where parties knew "salary" means wages, and expressly provide that part of what was allowed in the name of salary should be used for something other than paying wages, the purpose was that all should be used to pay wages,—it must be said that the part of the "salary" that was provided to pay ex-

penses, and not for personal service, is due for personal service.

It is illuminative that, in dealing with the assistant, for whose expenses there was no intention to provide, the writing stops, after it fixes the salary.

The interpretation we have given the writing makes every word of it effective. Nothing that is or can be said for the theory of appellant can be granted without making words written for some deliberate purpose idle.

There is a rule that, where one has conveyed or devised fee title, limitations upon title made thereafter in the same instrument are nugatory or precatory. We have to say that this rule is limited to the law of conveyances and wills.

The claim that the case is controlled by the fact that the provision made for expenses is an illegal one, seems to us to be an irrelevant claim. Appellant may not recover the salary he claims unless said writing gives it to him. If that grants him but a $2,000 salary, it does not help him that there was an abortive attempt to allow him $500 for expenses. Here is not a controversy wherein one claims an expense allowance, and the other rejoins that the allowance is void. Once grant that a part of the allowance *is* for expense, then, no matter how illegal the expense provision may be, that illegality does not add a dollar to the salary granted. We have given many others of the citations presented to us full consideration, but find that they have no legitimate bearing upon what we have for decision.

We think it is the fair interpretation of the writing relied on that not more than $2,000 was to be allowed the appellant for his compensation; and, for that reason, hold that the judgment below must be—*Affirmed.*

PRESTON, C. J., EVANS and STEVENS, JJ., concur.