(No. 4308-

COUNTY OF RANDOLPH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1951.*

JOHN A. HEUER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, County of Randolph, Illinois, by the chairman of its Board of County Commissioners and its State's Attorney, seeks to recover from respondent the sum of $3,752.20. This action is based on a specific statute, which confers jurisdiction on this Court to hear cases brought thereunder. Ill. Rev. Stat. 1949, Chap. 65, Secs. 37-39; Chap. 37, Sec. 439.8.

The purpose of such statute is to reimburse certain counties in Illinois for expenses, costs and fees incurred because of the large volume of petitions for writs of habeas corpus *in forma pauperis* filed therein. The Counties of Will and Randolph are the principal beneficiaries of such statute.

Such counties have previously been given four awards in this Court, and those cases have decided that certain fees, expenses and costs are reimbursable under such statute. *County of Will* v. *State*, 18 C.C.R. 189; *County of Will* v. *State*, No. 4218, opinion filed May 9, 1950; *County of Will* v. *State*, No. 4318, opinion filed September 19, 1950; *County of Randolph* v. *State*, No. 4157, opinion filed February 14, 1950.

A stipulation of facts has been filed herein, and is hereby approved.

The stipulation discloses that the Illinois State Penitentiary is located in Randolph County. Between December 27, 1948 and December 1, 1949, 209 petitions for writs of habeas corpus were filed *in forma pauperis* in the office of the Clerk of the Circuit Court of Randolph County by inmates of such institution. None of the peti-

tioners were at the time of their commitment residents or committed by any court of Randolph County. In 10 cases the Clerk's filing fee was paid by the petitioner. Writs were awarded, and hearings were held in 113 cases. In each of the 113 cases the State's Attorney of Randolph County represented the People of this State at the hearing, and, in addition, the Clerk of the Circuit Court was required to furnish a photostatic copy of the petition to the Attorney General of Illinois at a cost of $1.00 per petition.

In the above cited cases, we found that the Clerk of the Circuit Court was entitled to a $5.00 filing fee in each case, and to be reimbursed for the furnishing of photostats at cost. In the *County of Randolph* case, *supra,* we found the State's Attorney to be entitled to a fee of $20.00 for each case in which he appeared at the hearing representing the People.

Previously, as he does herein, the Sheriff of Randolph County sought recovery for serving and returning the writs of habeas corpus, and for mileage. In *County of Randolph* v. *State,* No. 4157, opinion filed February 14, 1950, we decided that the Sheriff was not entitled to any fees for serving the writs, or for mileage, but that he was entitled to $1.00 for returning each writ. We reached this conclusion because of the silence of the applicable section of the Fees and Salaries Act, Ill. Rev. Stat. 1949, Chap. 53, Sec. 37, regarding fees for service and mileage in connection with writs of habeas corpus. We adhere to our previous conclusion. *Irvin* v. *County of Alexander,* 63 Ill. 528.

The Clerk of the Circuit Court of Randolph County was entitled to receive $5.00 for each petition filed, or the sum of $1,045.00, but he did receive $50.00 in 10 cases, leaving a balance of $995.00 due. Ill. Rev. Stat. 1949,

Chap. 53, Sec. 31. In addition, he was entitled to receive $1.00 for photostats in 113 cases, or the sum of $113.00.

The Sheriff of Randolph County was entitled to receive $1.00 for returning each of the 113 writs of habeas corpus or the sum of $113.00. Ill. Rev. Stat. 1949, Chap. 53, Sec. 37.

The State's Attorney of Randolph County was entitled to receive $20.00 for each of the 113 cases in which he appeared at the hearing representing the People, or the sum of $2,260.00. Ill. Rev. Stat. 1949, Chap. 53, Sec. 8.

An award is, therefore, entered in favor of the County of Randolph for the sum of $3,481.00.